UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAWN LYNN JOHNSON,

            Plaintiff,

v.

ROBERT BLANCHER,

            Defendant.

Civil No. 08-1094 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff=s application for leave to proceed in forma pauperis, (AIFP@), pursuant to 28 U.S.C. ' 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. ' 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff=s IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff=s complaint in this matter is somewhat difficult to decipher, because she has not followed the elemental pleading rules prescribed by the Federal Rules of Civil Procedure, (see Fed. R. Civ. P. 8-11), or the elemental rules of grammar, spelling and punctuation. The Court is able to discern, however, that Plaintiff is attempting to sue someone named ABob,@[1]

---

[1] Plaintiff=s complaint has no caption, and it does not otherwise clearly identify the intended Defendant in this action. However, Plaintiff=s IFP application and her civil cover sheet, which were filed with the complaint, indicates that she is attempting to sue someone

for allegedly stealing her car and its title. Plaintiff apparently believes that "Bob" removed the car from the location where it was being stored, and that he somehow acquired the title to the car as well. It appears that Plaintiff has attempted to get "Bob" to return the car and title, but her efforts have been unsuccessful.

The complaint indicates that Plaintiff is "sueing [sic] him [presumably meaning "Bob"], for $20,000.00." It is evident that Plaintiff is also seeking a judgment that would compel "Bob" to return the car to her.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action <u>sua sponte</u>." <u>Williams v. Rogers</u>, 449 F.2d 513, 518 (8th Cir. 1971), <u>cert</u>. <u>denied</u>, 405 U.S. 926 (1972), (citing <u>Louisville and Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908)).

In this case, there are no possible grounds for federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, it is clear that Plaintiff is attempting to sue Defendant based solely on some type of <u>state</u> common law tort theory, presumably

---

named "Robert Blancher." Therefore, the Clerk's records, and the caption of this Report and Recommendation, show that Robert Blancher is the Defendant in this case.

conversion, replevin, or fraud.

It is also readily apparent that subject matter jurisdiction cannot exist under the Adiversity of citizenship@ statute, 28 U.S.C. ' 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) Athe matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.@ In this case, it appears that both Plaintiff and Defendant reside in Minnesota, so diversity of citizenship obviously does not exist.[2] Furthermore, the complaint clearly indicates that the value of the allegedly stolen car is no more than $20,000.00, so the $75,000.00 Aamount in controversy@ requirement is not satisfied.

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff=s IFP application be denied, (see 28 U.S.C. ' 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff=s application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

---

[2] The civil cover sheet that Plaintiff filed with her complaint confirms that she resides in Kandiyohi County, Minnesota, and Defendant resides in Renville County, Minnesota.

[3] The Court=s recommendation does not necessarily mean that Plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court. However, in light of the significant shortcomings of Plaintiff=s complaint, she is encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

and

    2.  This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: April 21, 2008            s/ *Jeanne J. Graham*
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 5, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party=s right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. ' 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.